UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Faimul Alam, Shan Anand, W.H. and M.K.,     Civil Docket No. 16-cv-00251
          (DLI) (SLT)

             Plaintiffs,

      -against-

AMERICAN AIRLINES GROUP, INC.,
AMERICAN AIRLINES, INC., REPUBLIC
AIRLINES, INC., REPUBLIC AIRWAYS
HOLDINGS, INC., ENVOY AIR, INC. and
AMERICAN EAGLE, INC.,

            Defendants.
----------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN
## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

By: _____
    Tahanie A. Aboushi, Esq.
    THE ABOUSHI LAW FIRM, PLLC

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATMENT ...................................................................................1

STATEMENT OF FACTS ......................................................................................1

STANDARD OF REVIEW GOVERNING RULE 12(b)(6) MOTIONS ........................2

ARGUMENT ........................................................................................................3

POINT I: THE MONTREAL CONVENTION DOES NOT APPLY BECAUSE
PLAINTIFFS' CLAIMS ARE BASED UPON A BREACH OF CONTRACT
CLAIM…………………………………………………………………………………….3


POINT II: DEFENDANTS ARE CORPORATIONS WITH PRINCIPAL PLACES OF
BUSINESS IN THE U.S. AND THUS ARE SUBJECT TO PENALTIES UNDER THE
STATUTES…………………………………………………………………………….7


CONCLUSION ......................................................................................................12

# TABLE OF AUTHORITIES

## STATUTES

42 U.S.C.§ 1981 ................................................................................................ 2, 7

42 U.S.C.§ 2000d ........................................................................................ 2, 7, 11

F.R.C.P. 12(b)(6) .................................................................................................. 2

F.R.C.P. 12(c) ....................................................................................................... 2

Federal Aviation Act ........................................................................................ 2, 7

New York Civil Rights Law § 1909 ................................................................. 2, 7

New York Executive Law § 296 ....................................................................... 2, 7

## CASES

Albert v. Carovano, 851 F.2d 561, 572 (2d Cir.1988) ........................................ 3

Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport, 647 F.2d 256,
     276 (2d Cir. 1981) ....................................................................................... 12

Babcock v. Jackson, 191 N.E.2d 279, 283–84, 12 N.Y.2d 473, 481–82, 240 N.Y.S.2d 743,
     749 (1963) ..................................................................................................... 9

Brink's Ltd. v. South African Airways., 93 F.3d 1022, 1030 (2d Cir.1996) .................... 9

Carnival Cruise Lines v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).. 8

Clapp v. Greene, 743 F.Supp. 273, 276 (S.D.N.Y.1990) .................................... 3

Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)........................ 3

Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir.1998)........................................... 9

El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 119 S. Ct. 662, 142 L. Ed.
     2d 576 (1999) ................................................................................................ 7

Elliott v. Nestle Waters North Am. Inc., 2014 WL 1795297, at *9 (S.D.N.Y. May 6,
     2014) ............................................................................................................. 7

Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386 (2d Cir.2001) .................... 8

ii

Hartford Fire Insurance Corp. v. Orient Overseas Containers Lines, 230 F.3d 549 (2d Cir.2000) ........................................................................................................... 8

Haywin Textile Prods., Inc. v. Int'l Finance Investment & Commerce Bank Ltd., 152 F.Supp.2d 409, 413–14 (S.D.N.Y.2001) ...................................................................... 10

Hunter v. Deutsche Lufthansa AG, 863 F. Supp. 2d 190, 211-12 (E.D.N.Y. 2012) ........ 11

In re Air Crash Disaster of Aviateca Flight 901, 29 F.Supp.2d 1333, 1341 (S.D.Fla.1997) ........................................................................................................................... 10

In re Nigeria Charter Flights Contract Litig., 520 F. Supp. 2d 447, 456-57 (E.D.N.Y. 2007) ............................................................................................................................ 9

In re Nigeria Charter Flights Contract Litig., 520 F. Supp. 2d 447, 458 (E.D.N.Y. 2007) 9

In re Nigeria Charter Flights Contract Litig., 520 F. Supp. 2d 447, 459 .......................... 10

Indep. Order of Foresters v. Donaldson, Lufkin & Jenrette, Inc., 919 F.Supp. 149, 152 (S.D.N.Y.1996) ........................................................................................................... 9

Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir.1998) ........................ 2

Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir.1995) ................................... 3

Kelley v. Societe Anonyme Belge D'Exploitation De La Navigation Aerienne, 242 F.Supp. 129, 144 (E.D.N.Y.1965) ................................................................................ 10

King v. Am. Airlines, Inc., 146 F. Supp. 2d 159, 161 (N.D.N.Y. 2001) aff'd, 284 F.3d 352 (2d Cir. 2002) ....................................................................................................... 3

Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) ......................................................................................................................... 8

Mahaney v. Air France, 474 F.Supp. 532 (S.D.N.Y.1979) ............................................... 5

Mahaney v. Air France, 474 F.Supp. 534 (S.D.N.Y.1979) ............................................... 5

Mahaney v. Air France, 474 F.Supp. 535 (S.D.N.Y.1979) ............................................... 6

Matter of Allstate Ins. Co. & Stolarz, 613 N.E.2d 936, 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904 (1993) ................................................................................................................... 9

Nat'l Oil Well Maint. Co. v. Fortune Oil & Gas, Inc., No. 02 CV 7666, 2005 WL 1123735, at *4, 2005 U.S. Dist. LEXIS 8896, at *12–13 (S.D.N.Y. May 11, 2005)... 10

Rinck v. Deutsche Lufthansa A. G., 57 A.D.2d 370, 371–72, 395 N.Y.S.2d 7, 9–10 (App.Div.1977) ................................................................................................ 10

Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1362 (2d Cir.1993) ............................... 8

Rogers v. Grimaldi, 875 F.2d 994, 1002 (2d Cir.1989)................................................... 8

Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir. 2008)............................... 7

Shen v. Japan Airlines, 918 F.Supp. 686, 688 (S.D.N.Y.1994)....................................... 10

Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994) .................................................. 3

Stolarz, 597 N.Y.S.2d 904, 613 N.E.2d at 940 ............................................................. 9

Wasserstein Perella Emerging Markets Finance, L.P. v. Province of Formosa, No. 97 Civ. 793, 2002 WL 1453831, at *12, 2002 U.S. Dist. LEXIS 12012, at *33 (S.D.N.Y. July 2, 2002) ........................................................................................................ 9

Weiss v. El Al Israel Airlines, 309 F. App'x 483 (2d Cir. 2009) ....................................... 3

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 363 (S.D.N.Y. 2006)....................... 4

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 361, 366 (S.D.N.Y. 2006).............. 3

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 367 (S.D.N.Y. 2006)....................... 4

Weiss v. La Suisse, 154 F. Supp. 2d 734, 738 (S.D.N.Y. 2001) ...................................... 8

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 368 (S.D.N.Y. 2006)....................... 6

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 369 (S.D.N.Y. 2006)....................... 7

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d at 366 (S.D.N.Y. 2006) ................. 5

Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d at 367 (S.D.N.Y. 2006) ................. 6

Wolgel v. Mexicana Airlines, 821 F.2d 442 (7th Cir.1987) .............................................. 4

Wolgel v. Mexicana Airlines, 821 F.2d at 444 (7th Cir.1987) ......................................... 5

Wolgel v. Mexicana Airlines, 821 F.2d at 445 (7th Cir.1987) ......................................... 5

iv

**OTHER AUTHORITIES**

1 Minutes of the Int'l Conference on Air Law ¶¶ 10-12 (Montreal, May 10-28, 1999) ..... 6

Lawrence Goldhirsch, The Warsaw Convention Annotated: A Legal Handbook 109
   (2000) ........................................................................................................................ 6

## PRELIMINARY STATEMENT

Plaintiffs Faimul Alam, Shan Anand, W.H. and M.K. by their attorneys, The Aboushi Law Firm, PLLC., respectfully submit this memorandum of law in opposition to Defendants American Airlines Group, Inc., American Airlines, Inc. Envoy Air, Inc. and American Eagle Airlines, Inc., (the "American Defendants"), Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Defendants' motion is based on the incorrect assumption that Plaintiffs filed suit based upon their delay until the next flight and emotional distress. However, Plaintiffs' claims arise from Defendants breach of contract in that Defendants failed to perform their duties as it related to the transaction between Defendants and Plaintiffs, namely, permitting Plaintiffs to fly on flight AA44718. Defendants' breach of contract and discriminatory making and enforcement of said contract with Plaintiffs gave rise to the causes of actions alleged herein. The Montreal Convention does not preempt breach of contract claims and does not govern said claims. Therefore, Plaintiffs have stated claims against the American Defendants and thus Defendants' motion should be denied.

## STATEMENT OF FACTS

Defendants have assumed Plaintiffs' allegations to be true for the sole purpose of their motion to Dismiss. Therefore, it is undisputed that Plaintiffs entered into a contract with Defendants for the purpose of traveling on flight AA44718 from Canada to New York on December 08, 2015. (Compl. ¶ 22). Plaintiffs arrived at Pearson Airport in Toronto, Canada, printed their boarding passes, checked in their luggage and cleared

1

Customs and TSA security. (Id. ¶ 25.) Plaintiffs then proceeded to Gate A8 to await boarding of the flight. Id. Plaintiffs W.H. and M.K. paid additional monies to purchase business class seats on said flight. (Id. ¶ 26.) Moments later, Plaintiffs were asked to leave the aircraft for reasons that could not be explained to them until the flight departed the airport. (Id. ¶¶ 32, 36, 45.) Once the aircraft departed, an employee and agent of Defendants explained their failure to perform pursuant to the contract was based upon the captain and flight crew's uneasy feeling towards Plaintiffs and suspicion of Plaintiffs' upgrades. (Id. ¶¶ 47, 50.) Plaintiffs were then permitted to board the next flight upon permission of the Captain for said flight. (Id. ¶¶53-54.) Plaintiffs M.K. and W.H. were not permitted to sit in business class seats they originally purchased and were not refunded their monies. (Id. ¶¶ 55). Plaintiffs Anand and Alam paid for seats on flight AA44718 because it was an earlier flight and they were not refunded their monies as well. (Id. ¶56.)

It is based upon the foregoing allegations and the remaining allegations in the Complaint that Plaintiffs assert claims against all Defendants herein based upon 42 U.S.C.§ 1981, 42 U.S.C.§ 2000d, the Federal Aviation Act, New York Executive Law § 296, and New York Civil Rights Law § 1909.

## LEGAL STANDARD FOR A MOTION TO DISMISS

The standard of review for the other defendants' motion pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a motion pursuant to Rule 12(b)(6). Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir.1998). In deciding a Rule 12(c) motion, a court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the

complaint 'unless it appears beyond a reasonable doubt that the [plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief.' " <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see* <u>also Kaluczky v. City of White Plains</u>, 57 F.3d 202, 206 (2d Cir.1995). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. *See, e.g., Clapp v. Greene,* 743 F.Supp. 273, 276 (S.D.N.Y.1990); *Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988). <u>King v. Am. Airlines, Inc.</u>, 146 F. Supp. 2d 159, 161 (N.D.N.Y. 2001) <u>aff'd</u>, 284 F.3d 352 (2d Cir. 2002).

## <u>ARGUMENT</u>

I.   **THE MONTREAL CONVENTION DOES NOT APPLY BECAUSE PLAINTIFFS' CLAIMS ARE BASED UPON A BREACH OF CONTRACT CLAIM.**

Plaintiffs' claims are based upon Defendants' failure to perform and Defendants discriminatory making and enforcement of a contract, which is a cause of action not covered by the Montreal Convention. (Compl. §66, 67, 85, 86.) The case at hand is similar to <u>Weiss v. El Al Israel Airlines, Ltd.</u>, 433 F. Supp. 361, 366 (S.D.N.Y. 2006) <u>aff'd sub nom</u>. <u>Weiss v. El Al Israel Airlines</u>, 309 F. App'x 483 (2d Cir. 2009). In <u>Weiss</u>, the Plaintiffs purchased tickets at a combined price of $2,434 from El Al for round-trip transportation between New York Kennedy airport and Jerusalem Ben-Gurion airport, departing New York on March 31, 2004, at 6:30 p.m. <u>Id</u>. at 363. They arrived at Kennedy airport on the scheduled date of departure a little more than one hour before the flight and were cleared by airline security, but were involuntarily denied boarding because the flight

3

had been oversold by the airline and, as a result, their reserved seats given to other passengers. Id. Plaintiffs, in a manner familiar to any regular flyer, had been "bumped." Id. El Al subsequently placed the bumped passengers, including plaintiffs, on a standby list to enable them to obtain seats on future El Al flights in the coming days in the event that seats opened up. Id. El Al also took an extra $100 from plaintiffs in order to upgrade their seats, should they get seats, to business class. Id. As a result of their standby status, plaintiffs were induced to remain at the airport for two days in the hope of obtaining seats on a subsequent flight. Id. Plaintiffs' and the airline's efforts were of no avail and, after two days without obtaining seats on any subsequent flight, plaintiffs decided to fly to Jerusalem on a different airline. Id. Plaintiffs did not receive a refund for the cost of these tickets nor did they receive any compensation for being "bumped" from their reserved seats on the March 31 flight. Id.

Defendant therein argued that plaintiffs' bumping claims were claims for damages occasioned by delay, which are covered by Article 19 of the Convention and therefore are preempted by Article 29. Plaintiffs responded that the Montreal Convention does not apply because bumping is more accurately described as complete non-performance of contract than as delay. Id. at 367.

The Court in Weiss relied upon the analysis of the Court in _Wolgel v. Mexicana Airlines_, 821 F.2d 442 (7th Cir.1987), wherein the Seventh Circuit was called upon to decide whether passengers' claims for discriminatory bumping on the outbound leg of their round-trip journey to Mexico, brought under the now-repealed 49 U.S.C. § 1374(b), were barred by a two-year statute of limitations provision contained in the Warsaw Convention. The court's decision turned on the question whether a bumping claim should

4

properly be characterized as a claim for delay under Article 19 of the Warsaw

Convention. The court found that it should not and that bumping claims were properly

understood not as claims for delay, but as claims for complete nonperformance of the

contract between the passenger and airline. Weiss, 433 F. Supp. 2d at 366.

It became clear among the delegates that there was no need for a remedy in the

Convention for total nonperformance of the contract, because in such a case the injured

party has a remedy under the law of his or her home country. The delegates therefore

agreed that the Convention should not apply to a case of nonperformance of a contract.

Wolgel, 821 F.2d at 444. The court held that bumping was a case of non-performance of

a contract that was not covered by the Convention, noting that the appellants in that case

were not "attempting to recover for injuries caused by their delay in getting to Acapulco.

Rather their complaint [was] based on the fact that, as far as the record shows, they never

left the airport." Id. at 445.

The court in Wolgel relied in part on an earlier decision, Mahaney v. Air France,

474 F.Supp. 532 (S.D.N.Y.1979), which El Al relies upon here to support its contention

that all cases of bumping are considered claims for damages due to delay. Like Wolgel,

Mahaney involved the question whether a bumping claim is covered by the Warsaw

Convention; it also involved a claim by the plaintiff for additional transportation costs

she incurred due to her late arrival, after she finally obtained a flight. The court in

Mahaney distinguished between the transportation claim and the bumping claim. The

court held that the claim for additional transportation costs was properly considered a

claim for delay damages because it was predicated on the plaintiff's late arrival at her

destination. Id. at 534. However, the court held that the bumping claim was not a claim

5

for delay because it did not stem from delay but **rather from the airline's failure to perform the contract in the first place**. Id. at 535. Thus, contrary to El Al's assertion, this case does not stand for the proposition that bumping claims are claims for delay. Weiss, 433 F. Supp. 2d at 367.

The minutes of the International Conference on Air Law at Montreal, 10-28 May 1999, indicates that the drafters of the Montreal Convention were aware of the difficulty in defining delay, and were willing to leave the determination of what does and does not constitute delay to the national courts. The minutes reflect that upon request from the Representative of China to incorporate a previously drafted definition of delay into what was to become Article 19, the Chairman of the Conference, supported by the Chairman of the Drafting Committee, commented that because of the impossibility of drafting a precise definition for delay, the proposed definition would be struck in favor of leaving the definition to the national courts. 1 Minutes of the Int'l Conference on Air Law ¶¶ 10-12 (Montreal, May 10-28, 1999). The academic literature indicates that the courts that have dealt with this question in other signatory countries have almost uniformly accepted **that bumping constitutes contractual nonperformance redressable under local law and not delay for which the Convention supplies the exclusive remedy.** See Lawrence Goldhirsch, The Warsaw Convention Annotated: A Legal Handbook 109 (2000) ("It is almost universally agreed that the failure to board a passenger with a confirmed reservation gives rise to damages [for non-execution of contract]." Weiss, 433 F. Supp. 2d 368.

Thus, the drafting history indicates that the drafters of the Montreal Convention intended that the national courts would determine the meaning of "delay," and national

courts have almost universally accepted <u>Wolgel's</u> interpretation of bumping as contractual non-performance and not delay. Consequently, in light of the interest in international uniformity announced in <u>El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng</u>, 525 U.S. 155, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999) and the greater focus on consumer protection intended in the Montreal Convention, plaintiffs' bumping claims should be read as grounded in a cause of action for non-performance of contract and not delay. <u>Weiss</u>, 433 F. Supp. 2d 369. Similar to the claims brought in Weiss, Plaintiffs' claims herein are not preempted by the Montreal Convention.

## II.   DEFENDANTS ARE CORPORATIONS WITH PRINCIPAL PLACES OF BUSINESS IN THE U.S. AND THUS ARE SUBJECT TO PENALTIES UNDER THE STATUTES

Plaintiffs' claims are based upon Defendants' breach of contract and thus Plaintiffs' claims pursuant to 42 U.S.C.§ 1981, 42 U.S.C.§ 2000d, the Federal Aviation Act, New York Executive Law § 296, and New York Civil Rights Law § 1909 apply to Defendants. The issue here is the choice of law.

In analyzing the parties' arguments, the Court turns to New York choice of law rules because when "a case is before a federal court on diversity jurisdiction, the court will determine which state's law governs by applying the choice of law rules of the forum in which the court sits." <u>Elliott v. Nestle Waters North Am. Inc.</u>, 2014 WL 1795297, at *9 (S.D.N.Y. May 6, 2014) (citing <u>Schwartz v. Liberty Mut. Ins. Co.</u>, 539 F.3d 135, 147 (2d Cir. 2008)).

Defendants' terms and conditions includes a choice-of-law clause in a standard contract ticket. Pursuant to American Airlines Terms and Conditions, the Conditions of Carriage are governed by and are to be interpreted in accordance with the laws of the

State of Texas making Plaintiffs' Federal and State claims herein applicable. Ex. A Pg. 26. It noted that including a forum selection clause may be permissible for several reasons, notably: (1) a cruise line's interest in limiting the forum in which it could be subject to suit, (2) reducing confusion about where suits arising from the contract must be brought and defended, and (3) giving passengers the benefit of reduced fares reflecting savings enjoyed by limiting the fora in which the company may be sued. Carnival Cruise Lines v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Weiss v. La Suisse, 154 F. Supp. 2d 734, 738 (S.D.N.Y. 2001).

Both sides agree that a choice of law clause in a contract is presumed valid and enforceable in a case where, as here, the underlying transaction is international in character. Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1362 (2d Cir.1993). Assuming the forum selected has sufficient contacts with the transaction, a court is to apply a choice of law clause absent fraud or a violation of public policy. Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386 (2d Cir.2001); Hartford Fire Insurance Corp. v. Orient Overseas Containers Lines, 230 F.3d 549 (2d Cir.2000).

In order to evaluate plaintiffs' state law claims, the Court must identify the jurisdiction whose substantive law properly governs this dispute. In undertaking this task, the Court looks to New York's choice of law rules. Rogers v. Grimaldi, 875 F.2d 994, 1002 (2d Cir.1989) ("A federal court ... adjudicating state law claims that are pendent to a federal  *457 claim must apply the choice of law rules of the forum state.") (citing, inter alia, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Under New York's rules, the "first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of

8

laws," Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir.1998) (citing Matter of Allstate Ins. Co. & Stolarz, 613 N.E.2d 936, 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904 (1993)). Where a conflict has been found to exist, New York courts take a "flexible approach" whose goal is "to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute." Brink's Ltd. v. South African Airways., 93 F.3d 1022, 1030 (2d Cir.1996) (citing Babcock v. Jackson, 191 N.E.2d 279, 283–84, 12 N.Y.2d 473, 481–82, 240 N.Y.S.2d 743, 749 (1963)). More specifically, in the contract law context, New York courts use a "center of gravity" or "grouping of contacts" approach, considering "a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." Id. at 1030–31 (citing Stolarz, 597 N.Y.S.2d 904, 613 N.E.2d at 940). In re Nigeria Charter Flights Contract Litig., 520 F. Supp. 2d 447, 456-57 (E.D.N.Y. 2007).

"When parties have failed to submit evidence on the content of foreign law, courts in this circuit applying New York choice of law rules have found that the forum's law should be applied based on a rebuttable presumption that no conflict exists."); Indep. Order of Foresters v. Donaldson, Lufkin & Jenrette, Inc., 919 F.Supp. 149, 152 (S.D.N.Y.1996). In re Nigeria Charter Flights Contract Litig., 520 F. Supp. 2d 447, 458 (E.D.N.Y. 2007). Wasserstein Perella Emerging Markets Finance, L.P. v. Province of Formosa, No. 97 Civ. 793, 2002 WL 1453831, at *12, 2002 U.S. Dist. LEXIS 12012, at *33 (S.D.N.Y. July 2, 2002) ("Defendant presented no argument or evidence of Argentinean law with respect to any issue other than actual and apparent authority; therefore, the court finds that New York law properly governs all other issues pertinent to

9

this dispute."); <u>Haywin Textile Prods., Inc. v. Int'l Finance Investment & Commerce Bank Ltd.,</u> 152 F.Supp.2d 409, 413–14 (S.D.N.Y.2001) (applying New York law where defendant "has not demonstrated that Bangladeshi law regarding successor liability is significantly *459 different from New York law"); <u>Nat'l Oil Well Maint. Co. v. Fortune Oil & Gas, Inc.,</u> No. 02 CV 7666, 2005 WL 1123735, at *4, 2005 U.S. Dist. LEXIS 8896, at *12–13 (S.D.N.Y. May 11, 2005) (applying New York law because "neither party advocates application of the law of Indonesia, and the Court is under no obligation to make a determination of foreign law based on its own research.").

It is undisputed that the Defendants entered into a contract with Plaintiffs when their tickets were purchased. It is true that "[i]n the transportation of passengers, the relevant transportation contract is generally the passenger ticket." <u>Shen v. Japan Airlines,</u> 918 F.Supp. 686, 688 (S.D.N.Y.1994). See also <u>In re Air Crash Disaster of Aviateca Flight</u> 901, 29 F.Supp.2d 1333, 1341 (S.D.Fla.1997) ("In determining the parties' intentions, the Court must look to the terms of the contract for transportation, in this case, the airline tickets."); <u>Kelley v. Societe Anonyme Belge D'Exploitation De La Navigation Aerienne</u>, 242 F.Supp. 129, 144 (E.D.N.Y.1965) (noting that airline ticket "constitutes the contract made by the parties") (internal quotation marks and citation omitted); <u>Rinck v. Deutsche Lufthansa A. G.</u>, 57 A.D.2d 370, 371–72, 395 N.Y.S.2d 7, 9–10 (App.Div.1977) (observing that where carrier sold ticket to passenger, "there was mutuality of obligation and a binding contract of carriage."). <u>In re Nigeria Charter Flights Contract Litig.</u>, 520 F. Supp. 2d 447, 459. Applying the aforementioned cases to the matter at hand, a direct contracting relationship existed between Plaintiffs and American Defendants.

Defendants contend Plaintiffs were not removed from Flight AA44718 for discriminatory reasons, nonetheless, Plaintiffs were removed from said flight. Defendants' removal of Plaintiffs constitutes a breach of contract in that Defendants failed to perform their obligations. To establish a breach of contract under New York law, plaintiff must plead the (1) existence of a contract, (2) breached by the other party; and (3) damages suffered as a result of the breach. Hunter v. Deutsche Lufthansa AG, 863 F. Supp. 2d 190, 211-12 (E.D.N.Y. 2012). Plaintiffs clearly performed their obligations pursuant to the airline ticket in that monies were paid to purchase seats on Flight AA44718, Plaintiffs cleared security and arrived to the Gate to timely board the flight and Plaintiffs did not violate any of American Defendants' policies that would warrant Plaintiffs' ejection from the flight. Defendants on the other hand did not perform their obligation in permitting Plaintiffs to board Flight AA44718 and permitting Plaintiffs M.K. and W.H. to sit in business class although they paid for said upgrade.

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. s 2000d (1976). Section 602 of the Act imposes on agencies "empowered to extend Federal financial assistance to any program or activity" a duty to effectuate the provisions of the Title by issuing appropriate rules and regulations. 42 U.S.C. s 2000d-1. The enforcement power of the agencies under section 602, however, is limited by section 604 as follows: Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except

11

where a primary objective of the Federal financial assistance is to provide employment.42 U.S.C. s 2000d-3. This section in effect requires a logical nexus between the use of federal funds and the practice toward which agency action is directed. <u>Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport</u>, 647 F.2d 256, 276 (2d Cir. 1981). Here, Defendants do not deny it is a recipient of federal funding or that the federal funding is used to operate as an air carrier to provide transportation to passengers, which is the primary objective of the federal funds they receive. Plaintiffs have sufficiently pled they were the intended recipients of the activity of transportation via aircraft operated by Defendants. (Compl. ¶ ¶ 12-15, 16-17, 23-27, 73).  The logical nexus here is between Plaintiffs, as lawful passengers on flight AA4718, being removed and from said flight, which is a federally funded program or activity. Thus, Plaintiffs sufficiently pled claims under Title VI.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss in its entirety along with all other relief that the Court finds necessary and proper.

Dated: New York, New York
        April 8, 2016

                                Respectfully submitted,


                                By: _____
                                    Tahanie A. Aboushi, Esq.
                                    THE ABOUSHI LAW FIRM, PLLC

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day of April 8, 2016, I caused a true and correct copy

of the enclosed **<u>Plaintiffs' Memorandum Of Law In Opposition To Defendants'</u>**

**<u>Motion To Dismiss</u>** to be served via ECF and Regular Mail to:


MARK W. ROBERSTON, ESQ.
O'MELVENY & MYERS LLP
TIMES SQUARE TOWER
7 TIMES SQUARE
NEW YORK, NEW YORK 10036


By: _____
Tahanie A. Aboushi, Esq.
THE ABOUSHI LAW FIRM, PLLC